# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHERYLANN CARPENTER, Administrator of the Estate of SANDRA SCOTT, deceased, )<br><br>Plaintiff, )<br>v. )<br><br>OFFICE OF THE LAKE COUNTY SHERIFF, *et al.*, )<br>Defendants. ) | Case No. 04 C 2275 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiff Cherylann Carpenter, Administrator of the Estate of Sandra Scott, has brought a twenty-six count Third Amended Complaint alleging civil rights violations under 42 U.S.C. § 1983 and various state law claims, including medical malpractice claims. Before the Court is Defendants Correctional Medical Services, Inc. ("CMS") and its employees Karen Walker, Genaline Japczyk, and Richard Wagner's Motion to Dismiss Counts 12, 14, 18, and 20 of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motion.

## BACKGROUND

Defendant CMS provides medical and psychological services to detainees and inmates at the Lake County Jail. (R. 94-1, Count XII, ¶ 1.) Decedent, Sandra Scott, was a pretrial detainee at the Lake County Jail from March 26, 2003, until March 29, 2003. (*Id.* ¶ 2.) Scott had a high risk of self-destructive behavior and CMS employees Karen Walker, Genaline Japczyk, and Richard Wagner knew that Scott was a high suicide risk (*Id.* ¶ 3.) Scott hung herself in her jail cell while under CMS's care on March 29, 2003. (*Id.* ¶ 7.)

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Jet, Inc. v. Shell Oil Co.*, 381 F.3d 627, 629 (7th Cir. 2004). When reviewing a motion to dismiss, the Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). "[A]ny further pleadings would turn the motion into a 12(c) motion for judgment on the pleadings, or if additional evidence was relied upon or introduced, the motion would be converted into a 56(c) motion for summary judgment." *Id.*

## ANALYSIS

Defendants contend that because Plaintiff has failed to comply with Section 2-622 of the Illinois Code of Civil Procedure, the Court must dismiss Plaintiff's medical malpractice claims. *See* 735 ILCS 5/2-622.[1] Under Section 2-622, plaintiffs who bring medical malpractice suits in Illinois courts must attach to their complaint a statement of merit from a health care professional

---

[1] Although Section 2-622 is pleading requirement under the Illinois Code of Civil Procedures, courts in this district and the Seventh Circuit treat this section as substantive law under the *Erie* doctrine. *See, e.g., Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000); *Smith v. Gottleib*, Case No. 02 C 50192, 2002 WL 1636546 (N.D. Ill. July 23, 2002).

2

who has reviewed the claims and finds that they have merit. *See Brandt v. Boston Scientific Corp.*, 204 Ill.2d 640, 643, 275 Ill.Dec. 65, 792 N.E.2d 296 (Ill. 2003); *see also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). The health care professional must identify the reasons that a meritorious claim exists and explain why the alleged facts fell below the standard of care. *Avakian v. Chulengarian*, 328 Ill.App.3d 147, 160, 262 Ill.Dec. 663, 766 N.E.2d 283 (Ill.App.Ct. 2002). "Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success." *Sherrod*, 223 F.3d at 613.

Defendants do not argue that Plaintiff's statements of merit are too bare-boned, vague, or do not fulfill the statutory requirements. In fact, construing Plaintiff's attached statements of merit liberally, the Court concludes that they fulfill the statutory requirements by identifying the reasons why meritorious medical malpractice claims exist and explaining why the Defendants' actions fell below the standard of care. *See Avakian*, 328 Ill.App.3d at 160. Nevertheless, Defendants contend that the statement of merit against CMS is deficient because the health care professional did not properly review CMS's policies or training programs as part of his opinion. Also, Defendants contend that the reviewing health professional's reports are in error because Walker, Wagner, and Japczyk did not have the opportunity to review some of the records the health professional used as a basis of his opinion.

To establish their arguments, Defendants have submitted the affidavits of Wagner, Walker, and other CMS employees that dispute and challenge certain facts, for instance, whether the health professional properly reviewed CMS's policies and training programs. To resolve Defendants' arguments, the Court would be required to go beyond the pleadings to make factual

3

and legal determinations, something the Court is not willing to do without further briefing under Federal Rule of Civil Procedure 56 and proper Northern District of Illinois Local Rule 56.1 Statements of Fact. *See Thompson,* 300 F.3d at 753.

Accordingly, the Court denies Defendants' Motion to Strike Plaintiff's Statements of Merits and denies Defendant's Motion to Dismiss the medical malpractice counts. If Defendants wish to pursue this argument, they must bring their Motion for Summary Judgment on this matter by May 23, 2005.

Date: May 2, 2005

**ENTERED**

*[signature]*

**AMY J. ST. EVE**
**United States District Court Judge**